*Buell v. Vermont Department of Corrections*, 177-3-15 Wncv (Teachout, J., June 28, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                     **CIVIL DIVISION**
**Washington Unit**                                     **Docket No. 177-3-15 Wncv**

**WILLARD BUELL**
    **Plaintiff**

        **v.**

**VERMONT DEPARTMENT OF
CORRECTIONS, et al.**
        **Defendants**

### DECISION
### Defendants' Motion for Summary Judgment

Plaintiff–Inmate Willard Buell seeks $700,000 in damages from Defendants the Vermont Department of Corrections, Correct Care Solutions, and various agents of theirs, and others for allegedly substandard medical treatment for a condition affecting his throat and ability to swallow during a period of his imprisonment. Defendants seek summary judgment whether Mr. Buell's claim is framed as a violation of the Eighth Amendment or medical malpractice.[1] Mr. Buell has not filed any opposition to summary judgment.[2]

Defendants argue that some of them are protected by various immunity doctrines and, as against all of them, Mr. Buell is unable to come forward with evidence of any triable issue of deliberate indifference to a serious medical need or medical malpractice. Because the latter arguments dispose of this case entirely, the court addresses them and declines to address Defendants' immunity arguments.

Mr. Buell's claims arise out of his experience with difficulty swallowing (dysphagia). According to the affidavit of Dr. Mitchell Miller, Medical Director at Southern State Correctional Facility, Mr. Buell complained of reflux as recently as February 2014. He was later seen for "self inflicted esophageal injury" caused by three suicide attempts by hanging in February and March 2014. Dr. Miller's affidavit and those medical records of Mr. Buell's which are in the record document numerous visits and procedures at North Country Hospital, Dartmouth Hitchcock Medical Center, and Springfield Hospital, including, among others, a barium swallow, an esophagoscopy, and several upper gastrointestinal endoscopies, as well as "sick call" appointments in prison. His diet was adjusted several times. His weight stabilized. There was no evidence of "muscle wasting or nutritional deficiencies." Ultimately, a "feeding tube" was not recommended.

---

[1] The defendants seeking summary judgment include: the Vermont Department of Corrections, Andrew Pallito, Mark Potanas, Correct Care Solutions, Mike Lyons, Shannon Marcoux, Delores Burroughs-Biron, Debra Kobus, and Vanessa Davis.

[2] He also did not respond to any of Defendants' discovery requests. As Defendants note, after filing the complaint and making some efforts at service, he has essentially failed to prosecute this case.

"Mr. Buell has been regularly seen and evaluated by medical staff during the time period indicated in his complaint. He was also placed in the infirmary at Southern State Correctional Facility so he could be monitored more easily. In addition, he has been sent outside of the facility multiple times for issues relating to chest pain and complaints of difficulty swallowing." Affidavit of Dr. Miller ¶ 13 (filed Dec. 15, 2016).

*The Eighth Amendment*

The U.S. Supreme Court has recognized that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Not every claim of inadequate medical care is a constitutional violation, however. As the Court described,

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id*. at 105–06. Deliberate indifference means "that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838.

Mr. Buell has not come forward with any triable issue of deliberate indifference in this case. The summary judgment record shows that Defendants have not ignored his complaints and medical conditions. To the contrary, he has received substantial amounts of medical attention, both within the prison environment, and in hospitals. To the extent that he perceives deficiencies in the quality of care he has ultimately received, that is insufficient to show any triable issue of deliberate indifference.

*Medical Malpractice*

Mr. Buell's medical malpractice claim is deficient for failure to file a certificate of merit. 12 V.S.A. § 1042. Section 1042(a) bars civil actions based on the negligence of a health care provider (other than informed consent claims) absent a certification that the plaintiff consulted with a medical expert who described the applicable standard of care and concluded that there is a reasonable chance that the plaintiff will be able to prove that the defendant deviated from that

2

standard of care and that the deviation caused of the alleged injury. The only exception is where the court finds that the medical negligence claim is so obvious that it does not require expert support. 12 V.S.A. § 1042(e). There is no exception for prisoners.

Mr. Buell did not file any certification. He also has not identified any specific deviation from any standard of care, much less one so obvious that it does not require expert support.

ORDER

For the foregoing reasons, Defendants' motion for summary judgment is granted.

Dated at Montpelier, Vermont this _____ day of June 2017.

_____
Mary Miles Teachout
Superior Judge